## Case No. 7,260.

### JENKINS v. ARMOUR et al.

[6 Biss. 312;[1] 14 N. B. R. 276; 8 Chi. Leg. News, 267; 22 Int. Rev. Rec. 169.]

District Court, N. D. Illinois. Feb., 1875.

Hutchinson & Luff, for assignee.
Upton, Boutell & Waterman, for Armour.

BLODGETT, District Judge. There can be no doubt that each of these defendants. at the time of the transactions alleged, knew of the insolvency of the company, and dealt with it upon that basis. The object of each of them was to obtain payment to themselves in full of their claims, notwithstanding the fact that such payment would be a withdrawal of the assets of the company from other policy-holders; for these notes against the several defendants were in effect cash, and the amount thereof should have been paid in cash into the treasury of the company for distribution among the creditors. The defendants were all responsible, and the contingency having arisen when the cash was needed upon these notes to pay losses, it became their duty to pay it into the company.

Following the law, then, as laid down in Hitchcock v. Rollo [Case No. 6,535] and Sawyer v. Hoag [Id. 12,400], decided by Judge Drummond in this court, and in the latter case as decided in the supreme court (17 Wall. [84 U. S.] 610), [and particularly the principles laid down by Judge Drummond in Scammon v. Kimball, Case No. 12,435],[2] there can be no doubt but that such surrenders and transfers were a fraud, and such a fraud as would be set aside by the court without special reference to the provisions of the bankrupt law [of 1867 (14 Stat. 517)]. The stock-notes were a part of the capital stock of the company. and as such were a trust fund for the creditors, and by collusion with the officers of the company, the defendants withdrew them from the treasury. The fact that some of the defendants were also officers of the company made no difference. and those who were only stockholders are equally liable.

An important question, and one not easy of solution, arises as to the time when interest should begin to run on these stock-notes. whether from the date of demand by the assignee, or of the exchange by the stockholders of these certificates for their notes. As against the company, if it had continued solvent, interest would only run from the time of a proper demand; but in these cases the liability of the defendants arises from their own acts under circumstances where they are properly chargeable as trustees. They, in fact, wrongfully converted to their own use the assets of the company at the time when they made these exchanges. They received payment of debts in full from the company when they knew it to be hopelessly insolvent, and withdrew from the treasury of the company their notes, which were valuable assets. The effect is the same as though they had taken and converted the amount in cash from the coffers of the company, and therefore they come within the rule that a trustee must pay interest from the date of conversion.

Judgment for plaintiff in each case, with interest at six per cent. from date of withdrawal of stock-note.

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

[2] [From 14 N. B. R. 276.]